Pennington, J.
The case furnished me is defective, for want of copies of the instrument executed by the overseers of the poor. As far, however, as I understand the case, which I have been obliged to collect, partly from the declarations and arguments of counsel, I shall give an opinion subject to be changed, in case 1 shall be under a misapprehension as to the facts.[1] The appellant, that is, the township of Eranklin, contend, that the settlement of the pauper was in South Brunswick, from whence she was removed ; and hence, the removal illegal. That the pauper gained a settlement in South Brunswick, by serving an apprenticeship there. The statute in such case, requires the person gaining a settlement in - that way, to have served an apprenticeship under indenture, for the space of one full year. The service is admitted by the case, but the binding is objected to by the counsel for South Brunswick.
1st. That the binding was a fraud and contrivance on the part of the overseers of Eranklin, the pauper being but three years of age when bound. I incline to [336] think, that the binding of a poor child on the parish, at three years old, to serve an apprenticeship until eighteen, is a lawful act, and that fraud cannot be presumed from it; especially in this case, where a considerable sum of money was given with the child.
[*] 2d. It is objected, that the overseers had no authority to bind out of their own township, and therefore, that the indentures are void, because the statute gives the overseers and justices, binding the pauper, a superintendence over the treatment {)f the infant, which they cannot, exercise out of their own jurisdiction. If the statute gave the justices and overseers an authority to examine into the conduct of the master, and adjudge between him and the apprentice, I should think this a fatal objection; but I understand the act of Assembly in this respect, as only constituting the overseers and *37 justices binding the pauper, guardians to the pauper; in which capacity, I cannot perceive any reason why they may not execute the authority given them by the act, out of the township or county of which they are officers. The authority given by the act to the justices and overseers, binding out a pauper, to examine into the treatment such pauper shall receive from its master, and redress the grievances, is to be done in “ such method as the law has provided; ” that is, as I apprehend, in such manner as injuries done by masters to other apprentices are by law redressed. It is true that this authority can be more conveniently exercised in the township and county where the justices and overseers reside; but if they choose to take the trouble upon themselves out of their township and county, I cannot perceive any lawful objection to their doing it; public policy is both ways on this subject. It is true that the justices and overseers of the poor will be more likely to neglect this branch of their duty: on the other hand, a convenience may arise from being permitted to go out of their own town to put out poor children. In a town purely agricultural, it may be difficult to find places; when, at the same time, in a neighboring manufacturing town, eligible places may be found in every street, and the pauper more advantageously disposed of, both as it respects the infant and the public.
3d. It is objected against the validity of the indenture, [*] that two justices did not give their approbation to the binding, as the act of Assembly requires. It is, however, admitted by the counsel, taking the objection, that the indenture recites that the binding was done by the consent of two justices, and that on one of the indentures the assent of two justices was indorsed; but the objection is, that the indenture that was given to the master, and went with the pauper into South [337] Brunswick, had only the assent of one justice indorsed on it. This appeal’s to me too nice an objection to defeat an actual service under an indenture in *38 every other respect correct. I incline to think that the approbation of the two justices is sufficiently made out, by being indorsed on one of the indentures, and subscribed by them. But if there is any thing in the objection, it only goes to make the indenture voidable, and does not render it ipso facto void. The decisions in the books consider a service under indenture, that is merely voidable, as sufficient to support a settlement; and I think that the justice and reason of the thing is with them. The only doubt on the case which I have entertained is the binding out of the county: but for the reasons before assigned, I think that it may be supported; and am, on the whole, of opinion that both orders be quashed.
Kirkpatrick, C. J.
Said that he agreed with Pennisgton, J., in all three points.
Eossell, J.
Was of the same opinion.

 It was admitted that the facts were correctly stated.